## 40557. BROWN v. HELLENIC LINES, LTD.
(322 SE2d 48)

SMITH, Justice.

Appellant Brown sued appellee and was awarded a verdict for damages in the Superior Court of Chatham County for negligence under Section 5 of Longshoremen's and Harbor Workers' Compensa-

tion Act, 33 USC § 905 (b). The Court of Appeals reversed the jury verdict as a matter of law. *Hellenic Lines v. Brown*, 168 Ga. App. 677 (309 SE2d 860) (1983). On certiorari, we reverse and reinstate the original jury verdict.

Appellant, at the time that he was injured, was loading bales of wood pulp into the hold of a ship owned by appellee. The loading operation required the longshoremen to first load the pulp around the wall of the hold, blocking the only ladder leading from the hold to the deck.[1] They loaded the bales in stacks of various levels, with the highest levels nearest the walls. Thus, to place each bale properly, they were forced to climb or jump from tier to tier of bales, a height of five to eight feet.

The longshoremen asked the ship's mate for portable ladders to ensure their exit from the hold in case of an emergency, and to aid them in moving from tier to tier. He agreed to bring them ladders, but he never did. The longshoremen involved testified that the ship's crew customarily supplied them with ladders in such a situation. Appellant injured his knee when he lost his footing while attempting to jump from one tier of bales to a lower tier.

The question facing us is whether there was adequate evidence that the shipowner owed a duty to the longshoremen to submit the negligence issue to the jury. The Court of Appeals concluded that the shipowner owed appellant no duty because the danger here was not so open and obvious that the shipowner should have been forced to halt the loading if the condition were not remedied. While the court may have thus addressed one aspect of the duty the shipowner owes longshoremen, it did not exhaust the sources of that duty found in the applicable precedent.

The United States Supreme Court addressed the issue of a shipowner's duty under the statute involved here in Scindia Steam Navigation Co. v. De Los Santos, 451 U. S. 156 (101 SC 1614, 68 LE2d 1) (1981). There, the court held, "[A]bsent contract provision, positive law, or *custom to the contrary* . . . the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover *dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore.*" (Emphasis supplied.) Id. at 172, 101 SC at 1624. The shipowner has, in addition, the duty to refrain from active negligence and the duty to act where he knows of a defect in the loading operations and he sees the stevedore unreasonably continue to subject the longshoremen to the danger. Id. at 167, 175, 101 SC at 1622, 1624.[2]

---

[1] This was the only possible way to load the hold of this type of ship.

[2] As custom, active negligence, and known defects are the only duties applicable to this case on appeal, we will not delve into any other potential duties imposed on shipowners by

The testimony of the longshoremen who were present at the accident, that in situations such as this the ship's crew customarily supplied ladders to them, presented a jury question as to duty imposed by custom. The testimony of the crew member's unfulfilled promise to bring a ladder to the longshoremen created an issue of fact for the jury as to the shipowner's active negligence. We hold that there were adequate issues of fact for the jury to consider here, based on Scindia, and we will not substitute our opinion for that of the jury where the issues are properly before the jury. Accordingly, we reverse the Court of Appeals and reinstate the original jury verdict.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Weltner and Bell, JJ., who dissent.*

DECIDED OCTOBER 31, 1984.

*Ashman & Zipperer, Ralph R. Lorberbaum,* for appellant.
*George H. Chamblee, Edward T. Brennan,* for appellee.